BLANK ROME LLP
*A Pennsylvania LLP*
Kevin J. Bruno, Esquire
New Jersey Resident Partner
Kevin R. Doherty
301 Carnegie Center, 3rd Floor
Princeton, New Jersey 08540
(609) 750-7700
KBruno@BlankRome.Com
*Attorneys for Petitioner*
*Star Reefers Shipowning Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In the Matter of a Petition for Judicial Assistance Pursuant to 28 U.S.C. § 1782 by ) ) ) | Case No. M-_____ |
| ) | |
| **STAR REEFERS SHIPOWNING INC.,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| In support of legal proceedings pending before the ) | |
| ) | |
| **HONORABLE DUBAI COURT OF FIRST INSTANCE** ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE*
PETITION FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782**

Star Reefers Shipowning Inc. ("Petitioner" or "Star Reefers"), by its attorneys,

Blank Rome, LLP, submits this memorandum of law in support of its *ex parte* petition for

an Order pursuant to 28 U.S.C. § 1782, directing the issuance of subpoenas for the

collection of evidence to be used in the prosecution of a lawsuit currently pending before

the Honorable Dubai Court of First Instance in the United Arab Emirates (the "Dubai Court"). Specifically, Star Reefers, which is the plaintiff in the Dubai proceedings, seeks issuance of subpoenas for the production of documents by a New Jersey corporation, Goltens Worldwide Management Corp. ("Goltens Worldwide"), and for the taking of testimony from a New Jersey resident, Mark T. Rutkowski, who is the managing director of Goltens Worldwide.

## FACTUAL BACKGROUND

Star Reefers is a corporation established under the laws of the Cayman Islands, and is the owner of ocean-going vessels. The diesel engines of three vessels belonging to Star Reefers were overhauled in Dubai, at a facility nominally owned by Goltens Co. Ltd. (Dubai Branch), a corporation established under the laws of the Channel Islands, which will be referred to hereinafter as "Goltens Dubai." Star Reefers brought suit before the Dubai Court in December 2011, alleging that Goltens Dubai overhauled the above-referenced diesel engines with gross negligence, specifically by welding and stamping the engines' valve stems, notwithstanding that the welding and stamping of valve stems is prohibited by the engine manufacturer's manuals and guidelines, of which Goltens Dubai should have been aware. It is Star Reefers' contention that as a result of Goltens Dubai's grossly negligent repair work, the three engines overhauled in Dubai suffered catastrophic failures, resulting Star Reefers suffering losses in excess of $8 million. (Declaration of Khalid Mohamed Abdel Hamed Ahmed dated December 9, 2012 ("Ahmed Declaration."), submitted herewith, at ¶¶ 2-3 and Exhs. A & B).

2

On information and belief and as confirmed by documents submitted with the Ahmed Declaration, Goltens Dubai is in fact merely a cog in an enterprise directed and managed from the State of New Jersey by Goltens Worldwide in Manasquan and from Oslo, Norway by Goltens Oslo AS.  Mark T. Rutkowski, a resident of Wall Township, New Jersey, is the managing director of Goltens Worldwide.  He is also the chairman of the board of Goltens Oslo AS, and holds board positions in other Goltens entities, including Goltens Rotterdam Holdings B.V. in the Netherlands and Goltens UK Ltd. in Great Britain.  As reflected in Exhibit D to the Ahmed Declaration, Mr. Rutkowski is involved in the management of all of the companies having an ownership interest in Goltens Dubai.  As reflected in other documents annexed to the same declaration, Goltens Worldwide in New Jersey is "the management arm of Goltens NY, Goltens Oslo and their affiliated companies," whose mandate is "centralized management that is in daily communication with the Group's far flung business units." The same materials reflect that Mark Rutkowski's role has been "management of the Group on a worldwide basis rather than as individual operating units." (Ahmed Declaration at ¶¶ 7-9 and Exhs. D-N).  Indeed, as recognized by the United States District Court for the Southern District of New York, "Goltens Worldwide, a New Jersey corporation, is the management arm of a series of closely-held family corporations established in New York and Oslo." *Golten v. Goltens Worldwide Management Corp.*, 2008 U.S. Dist LEXIS 30603 (S.D.N.Y. 2008); *Golten v. Kasper*, 2008 U.S. Dist. LEXIS 44583 (S.D.N.Y. 2008)(same).

It is also significant for purposes of this petition that Paul Friedberg, who is the managing director of Goltens Dubai, sits together with Mr. Rutkowski on the boards of

3

various Goltens entities, including the board of Goltens Worldwide in New Jersey. (Ahmed Declaration at ¶ 10 and Exhs. D, G, J, O, P, Q).

Star Reefers' primary case in the Dubai Court proceedings is that Goltens were grossly negligent in repairing the valves and that their grossly negligent repair resulted in acts causing harm and significant damages to Star Reefers. Alternatively, in the event that the terms and conditions of Goltens Dubai applied to the repair work performed by Goltens Dubai (which is denied by Star Reefers in the Dubai Court proceedings), according to those terms and conditions, Star Reefers is entitled to compensation upon a showing that its damages were "the result of gross negligence by the management of Goltens or any of its agents or employees." (Ahmed Declaration, ¶ 6 and Exh. C). Clearly, ultimate management of Goltens Dubai rests in whole or in part with Goltens Worldwide in New Jersey. It follows that: (1) Goltens Worldwide and Mr. Rutkowski, both of whom are located in New Jersey, are likely to have knowledge and documents with respect to the technical aspects of Star Reefers' claims; (2) that the gross negligence of Goltens management personnel in New Jersey (or elsewhere within the Goltens group) is relevant to the substantive claims being advanced before the Dubai Court (including but not limited to gross negligence in the setting of company-wide standards for engine repair); and (3) that evidence relating the gross negligence of "the management of Goltens" can reasonably be expected to be found in New Jersey. Indeed, it may well be that New Jersey is the location where the documents most critical to Petitioner's claim are maintained by Goltens, specifically those relating to corporate policy concerning adherence to engine manufacturers' protocols for the overhaul of diesel engines, as well

4

as reports or communications to or between management personnel regarding the overhaul of the engines at issue in the ongoing proceedings in Dubai.  In addition, other documents, relating to the Goltens companies' policies regarding compliance with industry standards and protocols, such as ISO 9000, are reasonably likely to be maintained in New Jersey by Goltens Worldwide, as are documents relating to the decision by Goltens to discontinue the repair, at its Dubai facilities, of engines of the type at issue in this case.

Star Reefers has requested certain documents from Goltens Dubai, but such documents have not been produced, a fact that in Star Reefers' view supports the proposition that such documents may be maintained solely by Goltens Worldwide in New Jersey, and/or that such documents may in any event be properly requested from Goltens Worldwide at this time.

## ARGUMENT

### I

### THE APPLICATION SHOULD BE GRANTED

Petitioner seeks relief pursuant to 28 U.S.C. § 1782 ("section 1782"), which provides, in pertinent part:

> **§ 1782.  Assistance to foreign and international tribunals and to litigants before such tribunals.**
>
> (a)     The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal

5

investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. . . . The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege. . . .

In order to obtain relief under section 1782, a petitioner must satisfy three statutory prerequisites, specifically, that: "(1) the person from whom discovery is sought resides or is found in the district where the action has been filed, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by the foreign or international tribunal or 'any interested person.'" *In re Lazaridis*, 865 F. Supp. 2d 521 (D.N.J. 2011), quoting *In re Application of Microsoft Corp.*, 428 F. Supp.2d 188, 192 (S.D.N.Y. 2006). The requisite showings are easily made in the instant matter.

"Additionally, a court can consider four discretionary factors in deciding whether to grant a § 1782 application: (1) whether the person from whom discovery is sought is a party in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign government or court to accept U.S. federal court assistance; (3) whether the § 1782 request conceals an attempt to circumvent foreign proof gathering restrictions; and (4) whether the subpoena is unduly

6

burdensome." *In re Lazaridis, supra,* citing *Microsoft, supra,* and *Intel Corp. v. Advanced Micro Devices,* 542 U.S. 241, 264-65, 124 S. Ct. 2466, 159 L. Ed. 2d 355 (2004). These discretionary factors also support the appropriateness of section 1782 relief in this case.

### A.    Statutory Prerequisites to Section 1782 Relief

The instant petition easily satisfies the statutory prerequisites for section 1782 relief.

### 1.    The Parties to Be Served are Located in this District.

The parties from whom Petitioner seeks evidence, Goltens Worldwide and Mark T. Rutkowski, are, respectively, a New Jersey corporation and a resident of New Jersey. They are thus located in this federal judicial district.

### 2.    The Evidence Sought is for Use before a Foreign or International Tribunal

The Dubai Court is a court of first instance in a foreign country with a modern legal system. (Ahmed Declaration, ¶ 5). There can be no serious dispute that the Dubai Court falls squarely within the definition of foreign or international tribunal for purposes of section 1782.

3.      **The Evidence is Sought by an Interested Person**

Star Reefers is a party to the proceedings before the Dubai Court.  Accordingly, the instant petition has been filed by an interested party within the meaning of the statute.

B.      **Discretionary Factors**

All discretionary factors that the Court may consider also militate in favor of granting the requested relief.

1.      **The Person from Whom Discovery is Sought is a Not a Party to the Foreign Proceeding**

Where the person or entity from whom discovery is sought is a party to the foreign proceedings, subject to the jurisdiction and compulsory powers of the foreign court, courts will exercise greater restraint in granting section 1782 relief than in the case where the person or entity is a third party.  *Intel Corp. v. Advanced Micro Devices,* 542 U.S. at 264-65.  Here, neither Goltens Worldwide nor Mark Rutkowski are subject to the jurisdiction of the Dubai Court, which would have no power to compel either of them to give evidence.  It follows that New Jersey is the appropriate venue in which to seek evidence from them.

2.      **The Foreign Tribunal is a Traditional Court of First Instance, and Would Consider Evidence Gathered Pursuant to the Instant Petition.**

As is confirmed in the Ahmed Declaration, submitted herewith and sworn to by counsel for Petitioner in the foreign proceedings, there is no reason to believe that the Dubai Court would refuse to accept evidence collected by either of the parties by any

legal means available to them, or that it would be unreceptive to evidence collected by Petitioner in the United States pursuant to section 1782.  (Ahmed Declaration at ¶ 5).

### 3.     The Petition Does Not Conceal an Attempt to Circumvent Foreign Proof Gathering Restrictions.

The instant petition does not conceal an attempt to circumvent foreign proof gathering restrictions.  Indeed, as noted above, the targets of the two subpoenas here are not subject to the jurisdiction of the Dubai Court.  Parties to a proceeding in Dubai are free to collect evidence for presentation to the court.  Moreover, nothing in Dubai procedure prohibits a party from seeking evidence abroad by whatever legal means are available to it.    (Ahmed Declaration at ¶ 5).  And,  even if the procedures for the collection of evidence by parties in Dubai were to vary from the procedures in the United States, the fact that U.S. procedure might allow for discovery of a type not generally available under foreign law would be no bar to section 1782 relief, as to which there is no foreign "discoverability" requirement.  *Intel Corp. v. Advanced Micro Devices,* 542 U.S. at 259-63.  Finally, it bears noting that Petitioner has requested certain documents from Goltens Dubai, but such documents have not been produced, a fact that in Petitioner's view supports the proposition that such documents may be maintained by Goltens Worldwide in New Jersey rather than by Goltens Dubai, and/or that such documents may in any event be properly requested from Goltens Worldwide at this time.

900200.00001/7189790v.1

**4.     The Subpoenas are Not Unduly Burdensome.**

There are two subpoenas at issue here; one for the production of documents by Goltens Worldwide and one for the taking of testimony from Mark T. Rutkowski. The latter, seeking simple testimony, is clearly not unduly burdensome. The former is similarly non-burdensome. A review of the list of documents sought from Goltens Worldwide reflects that these materials all relate directly to the engine repair at issue in this case, and to the allegations of gross negligence by Goltens that are at the heart of the foreign proceedings.

**Conclusion**

In light of the foregoing, Petitioner respectfully requests that the instant petition be granted, and that the Court sign the draft Order submitted herewith, permitting counsel for Petitioner to issue subpoenas for the taking of testimony from Mark T. Rutkowski, and the production of documents by Goltens Worldwide. Objections, if any, to the subpoenas to be issued pursuant to this Court's Order may be addressed at a later date, pursuant to the procedures set forth in Fed. R. Civ. P. 45.

10

Dated: December 19, 2012

BLANK ROME LLP

By: _____

Kevin J. Bruno, Esq.
Kevin R. Doherty, Esq.
301 Carnegie Center, 3rd Floor
Princeton, NJ  08540
Telephone: (609) 750-7700
Facsimile: (609) 750-7701
KBruno @BlankRome.com

*Attorneys for Petitioner*
*Star Reefers Shipowning Inc.*