**BLANK ROME LLP**
*A Pennsylvania LLP*
Kevin J. Bruno, Esquire
New Jersey Resident Partner
Kevin R. Doherty
301 Carnegie Center, 3rd Floor
Princeton, New Jersey 08540
(609) 750-7700
KBruno@BlankRome.Com
*Attorneys for Petitioner Star Reefers Shipowning Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In the Matter of a Petition for Judicial Assistance Pursuant to 28 U.S.C. § 1782 by<br><br>**STAR REEFERS SHIPOWNING INC.,**<br><br>Petitioner,<br><br>In support of legal proceedings pending before the<br><br>**HONORABLE DUBAI COURT OF FIRST INSTANCE** | Case No. M-_____ |

**DECLARATION OF KHALID MOHAMED ABDEL HAMED AHMED**

      **I, Khalid Mohamed Abdel Hamed Ahmed** of the City of Dubai in the United Arab Emirates, hereby declare under penalties of perjury and in accordance with the provisions of 28 U.S.C. § 1746:

1.    I am an employee of Ince & Co. Middle East LLP (Dubai Branch), which acts as counsel, along with Alwasel International Group Advocates & Legal Consultants, for the plaintiff, Star Reefers Shipowning Inc. (hereinafter "Star Reefers"), in proceedings currently pending before the Honorable Dubai Court of First Instance in Dubai, United Arab Emirates (hereinafter the "Dubai Court") against Goltens Company Limited (Dubai Branch).

2.      Annexed hereto as Exhibit A is a copy of an English translation of the claim filed in the Dubai Court, from which it will appear that Star Reefers is a corporation established under the laws of the Cayman Islands, and is the owner of ocean-going vessels. As set forth in the claim, all inlet and exhaust valves for the diesel engines of three vessels belonging to Star Reefers were overhauled in Dubai, at a facility nominally owned by Goltens Company Limited (Dubai Branch), a corporation established under the laws of the Channel Islands, which will be referred to hereinafter as "Goltens Dubai." Annexed hereto as Exhibit B is a Company Profile obtained from the Dubai Chamber of Commerce & Industry, reflecting Goltens Dubai's status as a 100% owned subsidiary of another Channel Islands corporation, Goltens & Co. Ltd.

3.      As confirmed by the claim, Star Reefers brought suit before the Dubai Court in December 2011, alleging that Goltens Dubai incompetently and with gross negligence overhauled the above-referenced diesel engines, specifically by welding and stamping the engines' valve stems, notwithstanding that the welding and stamping of valve stems is prohibited by the engine manufacturer's manuals and guidelines, of which Goltens Dubai should have been aware. It is Star Reefers' contention that as a result of Goltens Dubai's incompetent repair work, the three engines overhauled in Dubai suffered catastrophic failures, resulting in Star Reefers suffering losses in excess of $8 million.

4.      I have reviewed correspondence from the manufacturer of the engines that are the subject of the proceedings before the Dubai Court, which lead me to believe that, since the dates on which the valves in the medium speed diesel engines on Star Reefers' ships were overhauled, Goltens Dubai has discontinued its repair of medium speed diesel engine valves.

5.      The current proceedings in the Dubai Court are before the court of first instance. Dubai is one of the largest Emirates in the United Arab Emirates and a global commercial hub, with a modern legal system based on that of civil law jurisdictions. In Dubai court proceedings, either party may submit a request to the other for evidence to be produced to the Court and it is also open to the Court to order evidence to be submitted to the Court. I am unaware of any law or rule of court in Dubai that would prohibit Star Reefers from seeking

evidence in the United States or elsewhere in support of its claims before the Dubai Court. I also have no reason to believe that the Dubai Court would be unreceptive to, or would refuse to consider, evidence obtained by either party through any lawful means available to them, including evidence obtained in the United States pursuant to any provisions in effect there allowing for the collection of evidence for use in proceedings abroad.

6.  Star Reefers' primary case in the Dubai Court proceedings is that Goltens were grossly negligent in repairing the valves and that their grossly negligent repair resulted in harm and significant damages to Star Reefers. Alternatively, in the event that the terms and conditions of Goltens Dubai (Annexed hereto as Exhibit C) applied to the repair work performed by Goltens Dubai (which is denied by Star Reefers in the Dubai Court proceedings), pursuant to paragraph 8.1 thereof, Star Reefers is entitled to compensation upon a showing that its damages were "the result of gross negligence by the management of Goltens or any of its agents or employees."

7.  For the reasons set out herein and more fully particularized below, and with reference to the Exhibits annexed to this Declaration (and in particular Exhibits L-N), I understand that Goltens Dubai is managed in material part from New Jersey by Goltens Worldwide Management Corp. ("Goltens Worldwide"), a company with its principal place of business in the State of New Jersey and by Goltens Oslo AS in Oslo, Norway. I further understand that the managing director of the former company and the chairman of the board of the latter company are one and the same, specifically, Mark T. Rutkowski, a New Jersey resident. Exhibit K hereto is a document providing an address for Mr. Rutkowski in Wall Township, New Jersey.

8.  Annexed hereto as Exhibit D is a corporate flow chart, reflecting the relationships between various Goltens entities as I understand them to be, and also reflecting what I currently understand to be Mark T. Rutkowski's positions in those entities. The ownership structure reflected in the chart is drawn substantially from a Joint Pretrial Order filed in 2009 in a lawsuit involving Goltens in the United States District Court for the Southern District of New York, annexed hereto as Exhibit E. Mr. Rutkowski's roles in these companies, also reflected in the chart, appear from, *inter alia*, documents available on the internet, certain of which are annexed hereto as Exhibits F-J. The chart and supporting documents confirm that

the Goltens companies are closely held by a small number of family members, most of whom are resident in the United States, and that Mr. Rutkowski (who is not among the shareholders), has significant management positions in the key entities of the Goltens group.

9. Annexed hereto as Exhibits L-N are documents, also filed in the above-referenced litigation in the Southern District of New York. Exhibit L is an affidavit of Norman Golten dated May 21, 2007, the owner of 40% of the shares of Goltens Worldwide, from which it appears that Goltens Worldwide is "the management arm of Goltens NY, Goltens Oslo and their affiliated companies," and that Goltens Worldwide was moved to Manasquan, New Jersey for the benefit of Mark Rutkowski. Exhibit M is a letter dated May 24, 2003, authored by one of Norman' Golten's sisters (ultimate owner through a limited liability company of 20% of the shares of Goltens Worldwide), from which is appears, at page two, that Goltens Worldwide's mandate is "centralized management that is in daily communication with the Group's far flung business units," and, at page four, that Mark Rutkowski's role has been "management of the Group on a worldwide basis rather than as individual operating units." Exhibit N is an email from Mark Rutkowski dated January 3, 2007, addressed to various Goltens board members, indicating the author's status as a board member, and indicating his intention to use his influence to remove a board member with whom he was displeased. These documents reflect, I believe the extent of Mr. Rutkowski's control over the worldwide operations of the various Goltens companies.

10. Documents annexed hereto also reflect that Paul Friedberg, who is the managing director of Goltens Dubai, sits together with Mr. Rutkowski on the boards of various Goltens entities, including the board of Goltens Worldwide in New Jersey. (Exhs. D, G, J, O, P, Q).

11. Star Reefers has requested certain documents from Goltens Dubai relating to the overhaul of the above-referenced engine valves, but to date Goltens Dubai has produced no documents to date in response to Star Reefers' requests. It is in any event unclear whether the documents previously sought from Goltens Dubai would most naturally be in that entity's possession or would rather be in the possession of Goltens Worldwide in New Jersey or other Goltens' entities under the control of Goltens Worldwide. Moreover, I have reviewed the draft subpoena to Goltens Worldwide that I understand will be submitted with Star Reefers'

petition for relief pursuant to 28 U.S.C. § 1782, and, for the reasons set out herein, I understand that it may be the case that various of the documents listed in the exhibit to that subpoena would be more naturally in the possession of Goltens Worldwide or other Goltens companies involved with Goltens' global corporate management, than in the possession of Goltens Dubai. I understand that it may be the case that New Jersey is the location where the documents most critical to the ongoing claim in Dubai are maintained by Goltens, specifically those documents relating to corporate policy concerning adherence to engine manufacturers' protocols for the overhaul of diesel engine valves, as well as reports or communications to or between management personnel regarding the overhaul of the engine valves at issue in the ongoing proceedings in Dubai. In addition, I understand that other documents, relating to the Goltens companies' policies regarding compliance with industry standards and protocols, such as ISO 9000, are reasonably likely to be maintained in New Jersey by Goltens Worldwide, as are documents relating to the decision by Goltens to discontinue the repair, at its Dubai facilities, of engine valves of the type at issue in this case.

12.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Dubai, UAE on 9 December 2012

_____
KHALID MOHAMED ABDEL HAMED AHMED