

Phone:   (609) 750-2994
Fax:     (609) 897-7443
Email:   KBruno@BlankRome.com

January 24, 2013

**E-FILED / COURTESY COPY BY FEDERAL EXPRESS**

Clerk's Office
Martin Luther King, Jr.
Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101
    Attention: Hon. Stanley R. Chesler, U.S.D.J.

    Re:   **In the Matter of a Petition for Judicial Assistance
Pursuant to 28 U.S.C. § 1782 by Star Reefers Shipowning Inc.
Case No. 2:12-mc-00364-SRC**

Dear Judge Chesler:

    We represent Petitioner Star Reefers Shipowning Inc. ("Star Reefers") in the above-referenced matter, and write in response to the letter of today's date to the Court submitted by counsel for Goltens Worldwide Management Corp. ("Goltens"), a copy of which is annexed hereto as Exhibit 1. We are somewhat taken aback by the tone of opposing counsel's letter, but will endeavor not to respond in kind, and we will lay the pertinent facts out as objectively as possible. Those facts are:

- On December 19, 2012, Star Reefers applied for an Order permitting service of subpoenas pursuant to 28 U.S.C. § 1782, for collection of evidence abroad.

- On December 21, 2013, the Court granted Star Reefers' application. We received ECF notice of the entry of the Order on December 26, 2013, and prepared subpoenas for the production of documents by Goltens (returnable January 11, 2013), and for the testimony of Mark Rutkowski (returnable January 18, 2013).

- We first made efforts to serve the subpoenas on December 27, 2013. Those and further efforts over the holidays were unsuccessful, and service could not be effected, despite best efforts, until January 2, 2013. It follows that Star Reefers, contrary to opposing counsel's intimations, in no way delayed its efforts to effect service.

The Chrysler Building  405 Lexington Avenue  New York, NY 10174-0208
www.BlankRome.com

Boca Raton  •  Cincinnati  •  Hong Kong  •  Houston  •  Los Angeles  •  New York  •  Philadelphia  •  Princeton  •  Shanghai  •  Washington  •  Wilmington



January 24, 2013
Page 2

- First on January 7, 2013, counsel for Goltens contacted our firm, seeking an adjournment of two weeks on both subpoenas. We responded the same day, extending the professional courtesy of a one week adjournment on each subpoena, but pointing out already then that the time constraints in the Dubai proceedings were critical, and that time was of the essence. As we wrote on January 7, 2013:

    > As to dates, we can agree to a one week extension on each subpoena, which would make them returnable January 18 and 25, respectively, rather than January 11 and 18, respectively. Under normal circumstances, we and our client would be willing to be more flexible; however, time is of the essence here. *Specifically, we are informed that a court-appointed expert has adjourned a meeting, originally scheduled for last week, to January 27, 2013, in order to allow the parties time to submit further evidence. That being the case, it is essential that we have the subpoenaed documents well in advance of that date and that the deposition testimony be taken prior to that date as well.* Our client in fact would prefer in these circumstances not to grant any extensions of time, but we have convinced them that we should extend reasonable professional courtesy despite the fact that doing so will make the timing rather tight.

- On January 18, 2013, we received Objections to the documents subpoena, rather than a document production. Moreover, Goltens having chosen to serve Objections rather than simply moving to quash, as is standard procedure in section 1782 proceedings, the onus was thus upon Star Reefers to move to compel.

- On January 18, 2013, our office contacted the Clerk's office at the court regarding the appropriate procedure for seeking an expedited briefing schedule. The Clerk's office referred us to Your Honor's Chambers. We were told that if we wished to seek an expedited briefing schedule it would be necessary to proceed pursuant to Local Rule 65.1. The nature of the call was procedural in all respects and was not a prohibited *ex parte* communication. Moreover, Your Honor's Individual Rules permit communications with Your Honor's law clerks.



January 24, 2013
Page 3

- On the same date, we contacted opposing counsel to determine Goltens' position. Opposing counsel responded that Goltens would "stand by its objections" but would be willing to talk, and *Goltens' counsel* suggested that we talk by telephone on Sunday or Monday (January 20 or 21). With the January 27 deadline, referenced above, in mind, we stated a willingness to talk on Sunday or Monday. However, considering the comment that Goltens would "stand by its objections," we asked for a description in advance of the documents that Goltens would be willing to produce.

- We received no list of offered documents on January 19, 20, or 21, 2013.

- On January 21, 2013, we began preparation of an Order to Show Cause with accompanying motion to compel. *We had not begun work on those papers previously, as we had been waiting for a proposal from Goltens.* In the afternoon of January 21, 2013, Goltens counsel reported that he was still trying to get in touch with his client and that he would get back to us as soon as he heard anything. We did not believe that matters were progressing satisfactorily, and we made concerted efforts to be ready to file on January 22, 2013.

- In the afternoon of January 22, 2013, our motion was ready to file. Only then did we receive an email from opposing counsel stating that it expected to have a proposal "this afternoon."

- With due respect, we were not optimistic, in light of the failure to produce documents in the Dubai proceedings, the nature of the Objections received on January 18, 2013, and Goltens' failure to arrange a teleconference in accordance with the previously agreed timetable and preconditions, that a reasonable proposal would be forthcoming. We therefore requested that the proposal be provided to us in writing immediately.

- At 3:32 p.m. on January 22, 2013, Goltens provided a proposal whereby it would produce an extremely narrow range of documents regarding two topics for only a very limited date range. The proposal was clearly unacceptable, as even a cursory comparison between the documents sought in the subpoena and the documents offered makes plain. Indeed, the proposal was so lacking in substance that we considered the odds of successfully negotiating a compromise to be essentially nil.

- Our view was that we had been offering professional courtesies and agreeing to reasonable delays since January 7, 2013, but that our client's interests would be prejudiced, likely irreparably, if we allowed the process to be dragged on any further.



January 24, 2013
Page 4

> Moreover, our view was and is that a duty to confer is subject to a standard of reasonableness, and does not require a party to allow an opposing party to stall a procedure indefinitely. Our conclusion that an immediate motion was required was reached with reference both to the January 27, 2013 deadline referenced above, of which Goltens was well aware, and to the fact that to date Goltens had offered no proposal that would be even remotely acceptable to our client.

- At 4:05 p.m., we e-filed the motion papers that are the subject of this letter. At 4:26 p.m., we emailed opposing counsel to alert them of the filing and to inform them that they could review the documents on Pacer. We then prepared a letter to the Court and forwarded courtesy copies to the Court by Federal Express, pursuant to Your Honor's Individual Rules.

- The following morning, January 23, 2013, we delivered, by hand, hard copies of all of the filed documents, as well as a copy of our letter to the Court, to opposing counsel's office.

Taking up the points in Opposing counsel's letter, we note, first, that whatever the Local Rules may say as a general matter about the procedures for discovery motions, the circumstances here are out of the ordinary, involve discovery taken pursuant to a federal statute the purpose of which is to provide aid to foreign courts, and that the procedure for seeking an expedited hearing was a matter that was considered sufficiently important by our firm that we double-checked with both the Clerk's office and Chambers.

Local Rule 37.1 applies to standard discovery motions submitted for resolution by a Magistrate Judge, as the text of the Local Rule reflects. Even if that rule applied here to require that precise dates and methods of communication between counsel be set forth, however, opposing counsel has effectively cured any arguable noncompliance by annexing to its letter copies of all of the pertinent correspondence. Moreover, that correspondence reflects, first, that we have from the outset made known and stressed to opposing counsel the need for expedited action on this matter and, second, that Goltens has made no reasonable proposal despite having been given a reasonable amount of time in which to do so.

Goltens seeks to sow doubt regarding the need for immediate action by challenging the credentials of the foreign declarant, Khalid Mohamed Abdel Hamed Ahmed of Ince & Co., asserting that "[n]either Mr. Ahmed nor Ince & Co. are listed as counsel in the Complaint filed in the Dubai proceeding, which is apparently represented by the Alwasl International Group in Dubai." With due respect, this argument is disingenuous. As Mr. Ahmed (who is an Egyptian-



January 24, 2013
Page 5

qualified lawyer, as can be demonstrated by a supplemental declaration if need be) notes in his Supplemental declaration of January 22, 2013, Ince & Co. acts as counsel together with Alwasl in the Dubai proceedings. More to the point, Goltens knows that fact full well. Simple reference to the letters attached to Mr. Ahmed's declaration reflect not only that the pertinent correspondence in the Dubai proceedings has been sent by Ince & Co. on behalf of Plaintiff, but also that counsel for Goltens Dubai in those proceedings sends its correspondence to Ince & Co. (Ahmed Decl. No. 2 dated January 22, 2013, Exhs. B, C, D).

To the extent that Mr. Ahmed makes comments regarding the receptivity of the Courts in Dubai to evidence collected abroad, his comments go to the appropriateness of section 1782 relief generally (a discretionary factor the Court can consider on a section 1782 application is the receptivity of the foreign court to evidence collected abroad), rather than to the matter currently at issue, specifically, the need for expedited action. To date, Goltens has not challenged the appropriateness of section 1782 relief on any substantive legal basis and, if it opts to do so, this letter exchange is not the place to do it. Mr. Ahmed's statements regarding the procedural status of the lawsuit in Dubai are what are important for present purposes. His statements, as Star Reefers' co-counsel in the foreign jurisdiction, demonstrate the circumstances in those proceedings are indeed exigent.

While Goltens apparently agrees that the deposition of Mark Rutkoswki should be postponed pending the resolution of the dispute regarding Goltens' document production, the question arises why Goltens seeks so stridently to have that documents dispute resolved through standard motion procedures, which would require setting a motion date no earlier than February 19, 2013. Star Reefers submits that Goltens has a motive to do so, considering the January 27, 2013 deadline for the submission of documents to the court-appointed expert in Dubai, and the expected submission of that expert's report to the Court on February 15, 2013.

Star Reefers respectfully requests that the Court issue the requested Order to Show Cause, setting an expedited briefing schedule for the motion to compel. Alternatively, should the Court deem it more efficient, Star Reefers would welcome the opportunity to resolve this matter on the current record in the context of a hearing or tele-conference.

Respectfully submitted,

KEVIN J. BRUNO

KJB/dlg
Attachment



January 24, 2013
Page 6

cc:

Michael H. McGuire, Esq. (by email and by hand)
Orlee Goldfeld, Esq. (by email and by Federal Express)